```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Barbara Venning,

                Plaintiff,

-against-

Victoria Secret Stores, L.L.C. et al.,

                Defendants.

1:21-cv-02779 (JPC) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

    Having reviewed the Notice of Removal and accompanying documents (Notice, ECF No. 1), the Court finds that Defendants have not met their burden of showing the existence of subject matter jurisdiction on the basis of diversity of citizenship. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (party invoking federal jurisdiction bears burden of establishing that jurisdiction exists); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,[1] exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'"

---

[1] Here, while the Complaint does not specify the amount of money damages sought, Defendants assert that they have attempted to obtain a stipulation from Plaintiff that her damages are below $75,000, but that Plaintiff has failed to respond. (Notice ¶ 9.) Unless Plaintiff agrees to such stipulation, she has "effectively admitted that the amount in controversy [is] greater than $75,000." *Cavaleri v. Amgen Inc.*, No. 20-CV-01762 (PKC) (RML), 2021 WL 878555, at *3 (E.D.N.Y. Mar. 8, 2021) (citing cases).

*Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

A limited liability company "takes the citizenship of its members." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citing *Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000)). Thus, a Notice of Removal must address the citizenship of each individual member. *See Phoenix Energy Mgmt., Inc. v. Maverick Engineered Prod. LLC*, No. 21-CV-00320 (CBA) (RM), 2021 WL 738708, at *1 (E.D.N.Y. Feb. 10, 2021), *report and recommendation adopted*, 2021 WL 736421 (E.D.N.Y. Feb. 25, 2021) (citing cases).

In accordance with the foregoing, it is hereby Ordered as follows:

1. No later than April 6, 2021, Defendants shall serve a copy of this Order on Plaintiff. Plaintiff's counsel shall file a Notice of Appearance no later than April 12, 2021.

2. No later than April 12, 2021, Defendants shall file an affidavit or declaration that sets forth the citizenship of each member of Victoria Secret Stores, LLC and Victoria's Secret Direct New York, LLC.

3. If Plaintiff intends to stipulate that her damages do not exceed $75,000, she shall do so no later than April 12, 2021.

**SO ORDERED.**

Dated:   New York, New York
         April 2, 2021

_____
STEWART D. AARON
United States Magistrate Judge